# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:12-cr-0004-APG-GWF |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ALEKSANDAR BESAROVIC, ) | |
| Defendant. ) | |

This matter is before the Court on Defendant's Motion for Partial Dismissal (ECF No. 1388), filed on July 26, 2017. The Government filed an Opposition (ECF No. 1390) on August 9, 2017 and Defendant filed a Reply (ECF No. 1393) on August 16, 2017. The Court conducted a hearing in this matter on September 21, 2017.

## BACKGROUND

Defendant Besarovic was indicted on January 10, 2012 by a federal grand jury sitting in Las Vegas on charges of Participation in a Racketeering Enterprise (RICO), RICO Conspiracy, and Trafficking in the Production of False Identification Documents or Authentication Features. *See Indictment* (ECF No. 1). In the RICO substantive charge, Defendants is alleged to have committed three racketeering acts which demonstrate a pattern of racketeering activity. First, Defendant is charged with possession of a false Georgia driver's license in the name of D. Vasic on April 7, 2011. *Id.* at pg. 27 (Racketeering Act 15). Second, Defendant is charged with conspiracy to unlawfully produce false identification documents from not later than May 22, 2010, and continuing to on or about June 1, 2010 in the states of Iowa, Illinois, California, and elsewhere. *Id.* at pg. 29 (Racketeering Act 19). Third, Defendant is charged with possession of fifteen or more unauthorized access devices on May 16, 2010. *Id.* at pg. 35 (Racketeering Act 49). Racketeering Acts 15 and 19 were allegedly committed when Defendant was 18 years old, while Racketeering Act 49 allegedly

occurred when Defendant was 17 years old. Defendant states that he was born on May 26, 1992. *Motion to Dismiss* (ECF No. 1388), pg. 2. Defendant has not yet appeared before the Court to answer to these charges because he is a citizen and current resident of Serbia, which does not have an extradition treaty with the United States.

Despite the fact that Defendant has yet to appear in this case, he obtained counsel who filed the instant motion for partial dismissal. Defendant argues that the Court should dismiss Racketeering Act 49 because he was a juvenile at the time this act was allegedly committed. *Motion to Dismiss* (ECF No. 1388), pg. 6. Defendant asserts that because he was 17 when he allegedly committed Racketeering Act 49, the Government was required to comply with the procedural prerequisites of the Federal Juvenile Delinquency Act ("FJDA"). *Id*. at pgs. 4-6. Because the Government did not do so, Racketeering Act 49 must be dismissed. *Id.* The Government argues that this Court should decline to consider Defendant's motion based on the fugitive disentitlement doctrine. *Opposition* (ECF No. 1390), pgs. 4-9. The Government further argues that even if the Court reaches the merits of Defendant's motion, it should be denied because the conduct in Racketeering Act 49 may be considered in proving the substantive RICO count. *Id.* at pgs. 10-11.

## DISCUSSION

It is well-settled that "[c]ourts invested with the judicial power of the United States have certain inherent authority to protect their proceedings and judgments in the course of discharging their traditional responsibilities." *Degen v. United States*, 517 U.S. 820, 823, 116 S. Ct. 1777, 135 L. Ed. 2d 102 (1996). This inherent authority is recognized in the context of fugitives who are evading justice and is known as the "fugitive disentitlement" doctrine. This doctrine holds that a fugitive may not invoke the jurisdiction of the court without submitting personally to the court's jurisdiction. *Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970). In *Molinaro*, the defendant appealed his conviction from New Jersey state court but failed to surrender, thereby becoming a fugitive. In dismissing the defendant's appeal, the Supreme Court stated that "[w]hile such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims." *Id.* at 366.

There are four rationales for the fugitive disentitlement doctrine: (1) assuring the enforceability of a judgment; (2) penalizing those who flout the judicial process; (3) promoting the efficient operation of the courts and deterring flights from justice; and (4) avoiding prejudice to the other side. *See Ortega-Rodriguez v. United States*, 507 U.S. 234, 239–41, 249–50 (discussing four rationales); *Bar-Levy v. U.S. Dept. of Justice, I.N.S.*, 990 F.2d 33, 35 (2d Cir. 1993) (same); *United States v. One 1988 Chevrolet Half-Ton Pickup Truck,* 357 F. Supp. 2d 1321, 1325 n.8 (S.D. Ala. 2005) (same). In line with these rationales, court have dismissed appeals by criminal defendants who become fugitives from justice. *See, e.g., Lynn v. United States*, 365 F.3d 1225, 1227–28 (11th Cir. 2004); *United States v. Awadalla*, 357 F.3d 243, 244 (2d Cir. 2004); *United States v. Hanzlicek*, 187 F.3d 1219, 1220 (10th Cir. 1999); *United States v. Lanier,* 123 F.3d 945, 946, 1997 FED App. 0272P (6th Cir. 1997); *United States v. Corporan-Cuevas*, 35 F.3d 953, 957 (4th Cir. 1994).

While the fugitive disentitlement doctrine is typically utilized in appellate proceedings, it has also been applied at the district court level and in immigration settings. *See In re Grand Jury Subpoenas dated March 9, 2001*, 179 F. Supp. 2d 270, 286 (S.D. N.Y. 2001) ("Although the doctrine originated in the context of appeals, it is available in the trial context as well."); *see also United States v. Oliveri*, 190 F.Supp.2d 933, 936 (S.D.Tex. 2001); *United States v. Morgan*, 254 F.3d 424, 179 A.L.R. Fed. 667 (2d Cir. 2001); *Antonio-Martinez v. I.N.S.*, 317 F.3d 1089 (9th Cir. 2003) (applying the fugitive disentitlement doctrine to an alien who was a fugitive from a deportation order). Ultimately, the decision to apply the fugitive disentitlement doctrine rests in the sounds discretion of the court. *See United States v. Van Cauwenberghe*, 934 F.2d 1048, 1054–55 (9th Cir. 1991).

Defendant argues that the Court should not apply the fugitive disentitlement doctrine because he is presumed innocent and has not engaged in any conduct that can be characterized as evasive or defiant of the Court. *Reply* (ECF No. 1393), pgs. 4-5. Defendant cites *United States v. Noriega*, 683 F.Supp. 1373, 1374 (S.D. Fla. 1988) in which the court allowed the defendant to make a special appearance to challenge the validity of the indictment. The court found that special circumstances militated in favor of allowing the defendant to attack the indictment's validity. The case was fraught with political overtones and the court stated that "the best way to avoid the

appearance that this indictment has assumed the character of a political proceeding, rather than a legal one, is to determine its legal validity upon the arguments of counsel." *Id.* at 1374–75. The court stressed, however, that it was "not stating that as a matter of law any fugitive criminal defendant may contest the validity of his indictment." *Id.* at 1374.

The special circumstances in *Noriega* are not present here. Defendant is a fugitive within the meaning of the doctrine. As explained by the Second Circuit, "[t]he intent to flee from prosecution or arrest may be inferred from a person's failure to surrender to authorities once he learns that charges against him are pending. This is true whether the defendant leaves the jurisdiction intending to avoid prosecution, or, having learned of charges while legally outside the jurisdiction, 'constructively flees' by deciding not to return." *United States v. Catino*, 735 F.2d 718, 722 (2d Cir. 1984) (citations omitted). Defendant is obviously aware of the criminal charges against him, but refuses to present himself in this jurisdiction to answer to those charges. He, instead, seeks to litigate this matter from afar, while simultaneously ensuring that a judgment against him cannot be enforced. The Court therefore recommends that Defendant's motion for partial dismissal be denied based on the fugitive disentitlement doctrine.

If the Court were to reach the merits, Defendants motion should still be denied. Defendant's argument that his pre-age 18 conduct cannot be considered in proving the charge against him was squarely rejected in *United States v. Camez*, 839 F.3d 871, 876 (9th Cir. 2016) which arose out of the same indictment in which Defendant is charged. The Ninth Circuit adopted "the prevailing view that for prosecution of a defendant indicted at age 18, 19, or 20, pre-majority acts may be admitted

. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .

4

as substantive proof of a continuing crime such as the substantive RICO count here." Pursuant to *Camez*, the Government will be able to introduce Defendant's pre-majority conduct at trial to prove the substantive RICO violation charged against him. Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion for Partial Dismissal (ECF No. 1388) be **denied**.

DATED this 5th day of October, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).